UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| LeRoy DeVeaux, | ) C/A No. 2:10-1703-SB-RSC |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| The United States of America, | ) Report and |
| Defendant. | ) Recommendation |

The Plaintiff, LeRoy DeVeaux (Plaintiff), proceeding *pro se*, brings the instant civil action entitled "Hazel-Atlas Action to Vacate Judgment Obtained Through Fraud Upon the Court."[1] Plaintiff is an inmate at Federal Correctional Institution (FCI) Fort Dix, New Jersey, a facility of the Bureau of Prisons (BOP), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the United States of America as the sole Defendant.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v.*

2

*Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

On July 12, 2001, a jury convicted Plaintiff on the charges of possession with intent to distribute less than 500 grams of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). *See USA v. Deveaux*, Criminal Action No. 5:01-00096-CMC-1, Docket Entry No. 31 (D.S.C.).[3] Plaintiff, who was sentenced in December of 2001, appealed his conviction. *Id.* at Docket Entry

---

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). This Court takes judicial notice of Criminal Action No. 5:01-00096-CMC-1 and Civil Action No. 5:03-03865-CMC.

No.'s 39, 40. The Fourth Circuit Court of Appeals affirmed Plaintiff's sentence on September 6, 2002. *Id.* at Docket Entry No. 57.

On December 8, 2003, Plaintiff filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See DeVeaux v. United States of America*, Civil Action No. 5:03-03865-CMC (D.S.C.), Docket Entry No. 1. The Government filed a motion for summary judgment in that case, which was granted on August 4, 2004. *Id.* at Docket Entry No.'s 20-21. Plaintiff filed a notice of appeal on August 27, 2004, *Id.* at Docket Entry No. 23, however the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Plaintiff's appeal in a Judgment filed on December 29, 2004. *Id.* at Docket Entry No. 31. Plaintiff then filed a motion for reconsideration on September 11, 2006, which was denied. *Id.* at Docket Entry No.'s 34, 35. Plaintiff unsuccessfully appealed the denial of his motion for reconsideration to the Fourth Circuit Court of Appeals. *Id.* at Docket Entry No. 36, 42, 43. Plaintiff next filed a motion to vacate judgment obtained through fraud upon the court on July 23, 2007. *Id.* at Docket Entry No. 44. This motion was dismissed on July 31, 2007. *Id.* at Docket Entry No. 45. Plaintiff appealed the dismissal of his motion to vacate the judgment, however, the Fourth Circuit Court of Appeals dismissed the appeal in a judgment entered December 21, 2007. *Id.* at Docket Entry No.'s 53, 54.

Plaintiff's instant action seeking to "vacate judgment obtained through fraud upon the court," is essentially the same document previously filed as Docket Entry No. 44 in Plaintiff's § 2255 action. Plaintiff now brings his fraud on the court claim as an "independent action in equity" brought pursuant to *Hazel-Atlas Glass v. Hartford Empire Co.*, 322 U.S. 238 (1944). *See* Complaint, page 18. As in Plaintiff's previously filed motion to vacate in the § 2255 action, Plaintiff's current pleading claims prosecutorial misconduct during Plaintiff's federal criminal trial by Assistant United States Attorney William K. Witherspoon (Witherspoon). *Id.* at 1. Specifically, Plaintiff alleges that, during a detention hearing on February 27, 2001, Witherspoon questioned an Agent Burton (Burton) of the Columbia Metropolitan Airport Police Department. *Id.* at 5. Witherspoon asked Burton "if he in fact specifically asked Deveaux what he was doing with the drugs. Agent Burton's answer was unequivocally expressed that he nor any other agent involved, ever asked Deveaux what he was doing with the drugs." *Id.* On cross-examination, Burton testified that Plaintiff had "invoked his right to Counsel so no more questions were asked of him." *Id.* at 5,6.

However, on July 12, 2001, during Plaintiff's criminal trial, Witherspoon stated, "Judge, I think the only other question, statement that he [Deveaux] made which I did not elicit at that time was he did tell the Officer . . . he was getting the drugs for

5

the gentleman outside waiting for him." *Id.* at 7. Burton, who testified at Plaintiff's criminal trial, provided the same information to the Court. *Id.* at 13-14. Plaintiff claims the disparity between Burton's testimony at his detention hearing and criminal trial represent a "scheme to suborn perjury" by Witherspoon, which constitutes "an improper influence exerted on the Court by an Attorney." *Id.* at 8, 9.

## Discussion

As an initial matter, this action attempts to attack conduct that occurred in Plaintiff's federal criminal proceedings. Moreover, as stated above, the instant pleading essentially reframes the claims made in Plaintiff's § 2255 motion as "fraud" claims. Were the Court to construe the instant pleading as a motion under § 2255, this claim would be barred, because Plaintiff has not obtained certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A). However, Plaintiff clearly styles this case as an independent action seeking to invoke the equity powers of this Court, pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944),[4] to vacate a judgment, which Plaintiff maintains was obtained by "fraud upon the court." Thus, Plaintiff argues that the instant action is not an attempt to

---

[4] *Hazel-Atlas* has been overruled on other grounds by *Standard Oil Co. of California v. United States*, 429 U.S. 17 (1976).

6

file a second or successive § 2255 motion. *See* Complaint, page 18.

*Hazel-Atlas* involved allegations of fraud on the court in a civil action. However, some courts have held that such a claim may also be brought in a criminal case. *See United States v. Smiley*, 553 F.3d 1137, 1141-44 (8th Cir. 2009)(discussing split in circuit authority); *Great Coastal Express, Inc. v. International Brotherhood, Etc.*, 675 F.2d 1349, 1355 (1982)(noting that the Federal Rules of Civil Procedure allow a court to set aside a judgment for fraud on the court). *See also* Fed. R. Civ. P. 60(d)(3). Because the doctrine permits a court to overturn settled decrees and orders, it is narrowly construed and is "is typically confined to the most egregious cases, such as bribery of a judge or juror, improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express, Inc.*, 675 F.2d at 1356. Further, a fraud on the court claim requires a plaintiff to demonstrate "by clear and convincing evidence" a "deliberate scheme to directly subvert the judicial process." *United States v. MacDonald*, No. 97-7297, 1998 WL 637184 at *2-3 (4th Cir. Sept. 8, 1998)(citations omitted).

The instant pleading claims the prosecuting attorney in Plaintiff's criminal action presented "Government witness testimony that was known by him to be materially false." *See* Complaint, page 2. Plaintiff is correct in his assertion that "[i]nvolvement of an

attorney, as an officer of the court, in a scheme to suborn perjury would certainly be considered fraud on the court." *Great Coastal Express, Inc.*, 675 F.2d at 1357. However, Plaintiff's allegation, that Witherspoon presented one allegedly false statement to the trial Court, falls far short of demonstrating "a scheme to suborn perjury."

Further, the pleading fails to present facts to establish that Witherspoon's actions were made in an attempt to deliberately deceive the trial court. Plaintiff alleges that Burton's testimony at Plaintiff's detention hearing differed from the testimony of this witness at Plaintiff's criminal trial by one statement. Namely, whether or not Burton asked Plaintiff what he was doing with the drugs. While Plaintiff certainly believes that Witherspoon's actions constituted fraud on the court, the pleading's conclusory statements to that effect do not demonstrate "clear and convincing evidence" sufficient to maintain such a claim.

In any event, "[p]erjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible. . . .Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process already suggested, those that we cannot necessarily expect to be exposed by the normal adversary process." *Great Coastal Express, Inc.*, 675

F.2d at 1357. Plaintiff's pleading clearly indicates that he was represented by counsel, Kathy Evatt, who cross examined Burton at Plaintiff's detention hearing. *See* Complaint, pages 5-6. Attorney Evatt was present when Witherspoon indicated he intended to proffer Burton's allegedly false statement during Plaintiff's trial. *Id.* at 6. Thus, Plaintiff's defense counsel had full opportunity to raise objections to and/or expose any perjured statements elicited by Witherspoon.

As Plaintiff's allegations are insufficient to demonstrate improper influence so "egregious" as to impair the Court's function, Plaintiff's fraud on the court claim is subject to summary dismissal.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

July 29, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

9

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).