# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| LeRoy DeVeaux, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10-cv-01703-JMC |
| | ) | |
| The United States of America, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |

This matter is now before the court upon the Report and Recommendation ("Report") [Doc. 8] filed on July 29, 2010, by United States Magistrate Judge Robert S. Carr. *Pro se* plaintiff LeRoy DeVeaux ("Plaintiff") filed this civil action requesting that the court vacate his 2001 criminal conviction on the ground that such conviction was obtained through fraud upon the court. Plaintiff contends that Assistant United States Attorney William K. Witherspoon ("Witherspoon") committed misconduct in prosecuting the charges against Plaintiff. The Report recommended that the court dismiss the complaint without prejudice and without issuance and service of process. For the reasons below, the court accepts the Magistrate Judge's Report.

## STANDARD OF REIVEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo*

1

determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The court incorporates by reference the Magistrate Judge's statement of the facts. [Doc. 8, at 3-6].

After receiving the Magistrate Judge's Report and Recommendation, Plaintiff timely filed objections. [Doc. 13]. Plaintiff also filed supplemental objections. [Docs. 17 and 20]. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, this court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to discern two specific objections to portions of the Magistrate Judge's Report.

Plaintiff specifically objects that the Magistrate Judge failed to properly characterize the full detention center transcripts presented as Exhibits A and B to the complaint. Plaintiff argues that the transcripts demonstrate that Witherspoon presented evidence at the criminal trial that contradicted testimony in the detention hearing transcripts which Witherspoon knew to be untrue in "a scheme to suborn perjury." Plaintiff also objects to the Magistrate Judge's assessment of the impact of Witherspoon's conduct on Plaintiff's conviction. Plaintiff asserts that

Witherspoon's presentation of one false statement at trial deliberately deceived the trial court and devastated Plaintiff's defense of simple possession.

The United States Court of Appeals for the Fourth Circuit has held that a finding of fraud on the court "is typically confined to the most egregious cases, such as bribery of a judge or juror, improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982). Furthermore, a fraud on the court claim requires a plaintiff to demonstrate by clear and convincing evidence a "deliberate scheme to directly subvert the judicial process." *United States v. MacDonald*, No. 97–7297, 1998 WL 637184, at 2-3 (4th Cir. Sept. 8, 1998).

The record indicates that Witherspoon questioned Agent Burton of the Columbia Metropolitan Airport Police Department ("Burton") during a February 27, 2001, detention hearing as to whether he asked Plaintiff what he was doing with the drugs. Burton then claimed that he, nor any other agent, ever asked Plaintiff what he was doing with the drugs. However, during Plaintiff's criminal trial, Witherspoon stated "Judge, I think the only other question, statement that [Deveaux] made which I did not elicit at that time was he did tell the Officer . . . he was getting the drugs for the gentleman outside waiting for him." Burton gave the same testimony at the criminal trial. Plaintiff was convicted of possession with intent to distribute less than 500 grams of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).

The Magistrate Judge found that Plaintiff's allegation that Witherspoon presented one allegedly false statement to the trial court fell short of demonstrating clear and convincing evidence of "a scheme to suborn perjury." Additionally, despite Plaintiff's objection to the

contrary, the Magistrate Judge actually cited in his Report the relevant excerpts from the detention hearing and trial court transcripts that display Burton's contradictory testimony under separate questionings by Witherspoon.  While the Magistrate Judge did not determine whether Witherspoon actually presented a false statement to the court, the Magistrate Judge noted that the statement is of such character that it should be exposed and resolved by the normal adversary process and, therefore, did not constitute any actionable misconduct.  Accordingly, the court finds that the Magistrate Judge properly assessed the detention hearing transcripts.

Based on the record in this case, the court agrees with the Magistrate Judge's conclusion that Plaintiff failed to show that Witherspoon's actions constituted fraud upon the court.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 8].  This action is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 18, 2012
Greenville, South Carolina

4